IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

BRUCE J. SOLOWAY, et al., )
)
Plaintiffs, )
)
v. ) Civil Action No. 1:17-cv-254
)
FEDERAL HOME LOAN )
MORTGAGE CORPORATION, )
et al., )
)
Defendants. )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion to Dismiss filed by Defendants Federal Home Loan Mortgage Corporation ("FHLMC") and Federal Home Loan Mortgage Corporation Board of Directors ("Board of Directors") (collectively, "Freddie Mac"), and on a Motion to Dismiss filed by Defendant Federal Housing Financial Agency ("FHFA"). FHFA is the Conservator of Freddie Mac and has regulatory and oversight authority over Freddie Mac. Upon consideration of the memoranda filed in support of and in opposition to the motions, the Court concludes that Plaintiffs' claims are barred by res judicata, and their Amended Complaint must be dismissed.

This matter arises from property once owned by the Plaintiffs, Bruce J. Soloway and his wife, Lori A. Bloink ("Plaintiffs"), and subsequent foreclosure proceedings. On December 24, 2007, Plaintiffs executed a promissory note in order to obtain a loan in the amount of $165,000. On the same day, Plaintiffs executed a mortgage, which encumbered real property located at 7533 Lund Road, SW, Fife Lake, Michigan. In August 2011, the mortgage was assigned to The Huntington National Bank, the servicer for Freddie Mac.

Plaintiffs defaulted on their obligations set forth in the note and mortgage, and non-judicial proceedings ensued. In April 2014, Plaintiffs filed a complaint in the Forty-Sixth Circuit Court of Kalkaska, Michigan ("the Kalkaska Court"), naming Freddie Mac as a defendant. The complaint set forth causes of action for quiet title and slander of title relating to the initiation of a non-judicial foreclosure by Huntington National Bank. Freddie Mac and the other defendants moved for summary disposition. In response, Plaintiffs voluntarily dismissed their claims for slander of title. On January 27, 2015, the Kalkaska Court dismissed Plaintiffs' remaining quiet title claim with prejudice, and it imposed sanctions for filing a frivolous complaint. Plaintiffs unsuccessfully moved for reconsideration and initiated an appeal. The Kalkaska Court dismissed the appeal for want of prosecution on December 2,

2015. As a result of the Plaintiffs' default, Freddie Mac purchased the Plaintiffs' property at a foreclosure sale in March 2015.

Plaintiffs, appearing *pro se*, filed a complaint in this Court on March 6, 2017. After the Defendants moved to dismiss the complaint, Plaintiffs filed an Amended Complaint on May 15, 2017. The Amended Complaint appears to center on the foreclosure proceedings Plaintiffs challenged before the Kalkaska Court, and it seeks damages for unjust enrichment, negligence, and fraud. Plaintiffs also allege a violation of their due process rights. Defendants now move to dismiss the Amended Complaint. Because Plaintiff's complaint presents claims that have previously been litigated in a different forum, Plaintiff's claims are barred by res judicata.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). District courts must give *pro se* plaintiffs "the benefit of a liberally construed complaint." Neild v. Wolpoff & Abramson, L.L.P., 453 F. Supp. 2d 918, 920 (E.D. Va. 2006) (quoting

3

Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1984).

Plaintiffs' claims are barred by the doctrine of res judicata, because they have been previously litigated in another forum. Under res judicata, "a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." Covert v. LVNV Funding, LLC, 779 F.3d 242, 246 (4th Cir. 2015). In order for res judicata to bar an action, the moving party must establish that: (1) the prior judgment was final and on the merits; (2) the parties are identical, or in privity, in both actions; and (3) the claims in the subsequent action are based upon the same cause of action as in the prior matter. Id. Claims are based on the same cause of action when they arise out of the same transaction or series of transactions as the claim resolved by the prior judgment. Modderno v. Ocwen Loan Servicing, LLC, No. 1:17-cv-77, 2017 WL 1234287, at *4 (E.D. Va. Apr. 4, 2017) (citing Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999)). All three requirements are met here.

First, Plaintiffs' claims have been, or could have been, previously decided by a final judgment on the merits. Plaintiffs filed suit in the Kalkaska Court seeking to quiet title, to obtain damages for slander of title, and to challenge an assignment. After considering the merits of Plaintiffs'

4

claims, on January 27, 2015, the Kalkaska Court granted a motion for summary disposition in favor of the defendants and dismissed Plaintiffs' complaint. Specifically, the court found that the mortgage on Plaintiffs' property had not been erased by a prior bankruptcy proceeding, that a claim of interest did not grant title or remove the mortgage, and that Plaintiffs did not have standing to challenge the assignment. The court further found that the slander of title claim was devoid of legal merit and that sanctions should be imposed. As a result, the first element of res judicata is satisfied.

Second, the parties are identical or in privity in both actions. FHLMC was a party in the proceedings in the Kalkaska court, as well as a defendant in the instant action. Although the Board of Directors was not named in the Kalkaska Court case, it is in privity with FHLMC because the Board of Directors is part of the same corporation, and thus, its interest is so identical with FHMLC that "representation by one party is representation of the other's legal right." See State Water Control Bd. v. Smithfield Foods, Inc., 542 S.E.2d 766, 769 (Va. 2001). Similarly, although FHFA was not a party in the Kalkaska Court case, as Conservator of Freddie Mac, FHFA succeeds to all rights, titles, powers, and privileges of Freddie Mac. See 12 U.S.C. § 4617(b)(2)(A). When the Kalkaska Court judgment became final as to Freddie Mac, FHFA automatically succeeded to that

interest. As a result, the second element of res judicata is satisfied.

Third, the claims in this matter are based on the same claims from the prior Kalkaska Court action. In the Kalkaska Court case, Plaintiffs sought to quiet title, asked for damages for slander of title, challenged an assignment. In the instant case, Plaintiffs appear to challenge the Defendants' authority to foreclose on their property. Although the claims are not identical, the claims in this action are based upon the same cause of action as in the previous matter—that is, a challenge to the foreclosure a challenge to Freddie Mac's interest in the Plaintiffs' property. As a result, the third element of res judicata is satisfied. Because all elements are met, res judicata bars Plaintiffs' claims in this action.

Because Plaintiffs' claims are barred by res judicata, all claims against the Defendants must be dismissed. Furthermore, the Court is of the opinion that allowing Plaintiffs to amend their complaint for a second time would be futile. An appropriate order shall issue.

_/s/ Claude M. Hilton_
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
July 11, 2017